**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1180
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective*
*Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOHN SPOONER, *on behalf of himself, FLSA Collective Plaintiffs, and the Class,*<br><br>       Plaintiff,<br> v.<br>DELTA ENTERPRISE USA NY LLC,<br>K-MOBILE LLC<br>  d/b/a BEST WIRELESS,<br>JOHN DOE BEST WIRELESS STORES 1-34,<br>and NISHANT NICK GARG,<br><br>       Defendants. | Case No.: 22-cv-02290<br><br>**FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>Jury Trial Demanded |

Plaintiff, JOHN SPOONER (hereinafter, "Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this First Amended Class and Collective Action Complaint against Defendants, DELTA ENTERPRISE USA NY LLC, K-MOBILE LLC d/b/a BEST WIRELESS, JOHN DOE BEST WIRELESS STORES 1-34, (the "Corporate Defendants"), and NISHANT NICK GARG, ("Individual Defendant") (collectively, "Defendants") and states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he FLSA Collective Plaintiffs and similarly situated individuals are

1

entitled to recover from Defendants: (1) unpaid wages, including unpaid overtime, due to misclassification of non-exempt worker as exempt; (2) unpaid wages, including overtime, due to time shaving; (3) liquidated damages; and (4) attorney's fees and costs.

2. Plaintiff further alleges that, pursuant to New York Labor Law ("NYLL"), he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, including unpaid overtime, due to misclassification of non-exempt worker as exempt; (2) unpaid wages, including overtime, due to time shaving; (3) compensation for late payment of wages; (4) statutory penalties; (5) liquidated damages; and (6) attorney's fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, JOHN SPOONER, is a resident of Suffolk County, New York.

6. Defendant DELTA ENTERPRISE USA NY LLC controls and operates K-MOBILE LLC d/b/a BEST WIRELESS and all JOHN DOE BEST WIRELESS STORES 1-34.

7. Defendant K-MOBILE LLC d/b/a BEST WIRELESS is the corporate entity associated with one of the locations where Plaintiff worked while employed by Defendants.

8. Individual Defendant NISHANT NICK GARG is an owner of DELTA ENTERPRISE USA NY LLC, K-MOBILE LLC and all Defendant JOHN DOE BEST WIRELESS STORES 1-34.

9. Defendants collectively own and operate at least thirty-four (34) electronic and wireless retail stores all under the trade name "Best Wireless" in New York, Connecticut, New Jersey, Pennsylvania, and Ohio at the following locations:

a) 90 East Main Street, Unit F, Patchogue, New York 11772;

b) 79-21 Main Street, Queens, New York 11367;

c) 253-25 Union Turnpike, Glen Oaks, NY 11004;

d) 614 Jericho Turnpike, New Hyde Park, NY 11040;

e) 248 Flanders Rd Ste. 3, East Lyme, Connecticut 06367;

a) 117-14 Queens Blvd, 2nd Floor, Flushing, NY 11375;

b) 457 Beach 129th Street, Rockaway Park, NY 11694;

c) 40-04A Bell Boulevard, Bayside, NY 11361;

d) 138-07A Queens Boulevard, Briarwood, NY 11435;

e) 3709 Junction Blvd, Queens, NY 11368;

f) 4734 Vernon Blvd., Long Island City, NY 11101;

g) 98-06 Metropolitan Ave, Forest Hills, NY 11375;

h) 273 Beach 116th St., Rockaway Park, NY 11694;

i) 102 East 23rd Street, New York, NY 10010;

j) 136 Church Street, New York, NY 10007;

k) 104 Fulton Street, New York, NY 10038;

l) 275 Greenwich Street, New York, NY 10007;

m) 52 East 8th Street, New York, NY 10003;

n) 462 Sixth Avenue, New York, NY 10011;

o) 416 Avenue P., Brooklyn, NY 11223;

p) 31 Graham Ave., Brooklyn, NY 11206;

q) 2157 Ralph Ave., Brooklyn, NY 11234;

r) 209 Prospect Park West, Brooklyn, NY 11215;

s) 709 Grand Street, Brooklyn, New York, NY 11211;

t) 6245 Rt. 25A, Wading River, NY 11792;

u) 4338 Amboy Rd., Staten Island, NY 10312;

v) 35 Richmond Terrace, STE 325c, Staten Island, NY 10301;

w) 758 Manor Rd., Staten Island, NY 10314;

x) 156 Airport Rd., Coatesville, PA 19320;

y) 1341 S. Main Ave, Unit 220, Scranton, PA 18518;

z) 1000 Easton Rd., STE 208A, Wyncote, PA 19095;

aa) 7590 Chippewa Rd., Brecksville, OH 44141;

bb) 896 Chapel St., R102, New Haven, CT 06510;

cc) 12 Orangetown Shopping Center, Orangeburg, NY 10962, (collectively the "Stores").

10. Plaintiff was employed by Defendants and assigned to work at five (5) of Defendants' locations: the Farmingville store, the Main Street store, the Glen Oaks store, the New Hyde Park store, and the East Lyme store. At all relevant times, FLSA Collective Plaintiffs and Class members were also assigned to work at multiple locations owned by Defendants.

11. Defendants' Stores are collectively owned and operated as a single integrated enterprise under the common control of Defendants. The Stores are engaged in related activities, share common ownership, and have a common business purpose:

a) Defendants advertise all of their locations on one (1) single website, available at: https://www.bestwirelessus.com/locations/. *See* **Exhibit A**.

b) Defendants admit that they jointly own and operate the Stores on their "About Us" page. Available at: https://www.bestwirelessus.com/about-us/. *See* **Exhibit B**.

c) All Stores share a common career page where potential employees can apply to a position at any one of Defendants' Stores. Available at: https://www.bestwirelessus.com/careers/. *See* **Exhibit C**.

d) As an independently owned and operated Verizon authorized dealer, each location is engaged in the same business of bringing efficient wireless solutions to customers.

e) Employees, merchandise, and supplies are interchangeable among all of Defendants' locations. Throughout Plaintiff's employment with Defendants, Defendants frequently transferred employees, including Plaintiff, among the Stores to perform work on an as-needed basis.

f) All of Defendants' locations share the same "Best Wireless" logo, page layout and advertisements on their individual social media page. **See Exhibit D** for examples of Defendants' social media pages advertising all locations with their shared "Best Wireless" logo.

12. Defendant DELTA ENTERPRISE USA NY LLC is a domestic limited liability company operating in New York and organized under the laws of New York. Its service of process address is Attn: Nishant Garg, 253-25 Union Turnpike, Glen Oaks, NY 11004.

13. Defendant K-MOBILE LLC d/b/a BEST WIRELESS is a foreign limited liability company operating in New York and organized under the laws of New Jersey. Its service of process address is Attn: Nishant Garg, 253-25 Union Turnpike, Glen Oaks, NY 11004.

14. DELTA ENTERPRISE USA NY LLC is the top-level entity that ultimately controls and operates K-MOBILE LLC d/b/a BEST WIRELESS, all "BEST WIRELESS" entities and each JOHN DOE BEST WIRELESS STORE 1-34.

15. Individual Defendant NISHANT NICK GARG is the owner and president of Corporate Defendants. NISHANT NICK GARG exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs, and the Class. NISHANT NICK GARG frequently visits the Stores. NISHANT NICK GARG exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs, and the Class. At all times, employees of the Stores may complain to NISHANT NICK GARG directly regarding any of the terms of their employment, and NISHANT NICK GARG would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. NISHANT NICK GARG exercised functional control over the business and financial operations of all Corporate Defendants. NISHANT NICK GARG had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs, and Class members, and could reprimand employees.

16. At all relevant times, Corporate Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of FLSA.

17. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs, and Class members was directly essential to the business operated by Defendants.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

18. Plaintiff JOHN SPOONER asserts claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all current and former non-exempt employees, including but not limited to, salespersons, counter persons, client representatives,

service representatives, and merchandise representatives, and current and former employees misclassified as exempt managers and assistant managers, employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (hereinafter, "FLSA Collective Plaintiffs").

19. At all relevant times, Plaintiff JOHN SPOONER and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay Plaintiff JOHN SPOONER and FLSA Collective Plaintiffs their proper wages owed for all hours worked, including those worked in excess of forty (40) in a workweek, due to a policy of time shaving, and misclassifying employees as exempt. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

20. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of FLSA, 29 U.S.C. 216(b). FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

21. Plaintiff asserts claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all current and former non-exempt employees, including but not limited to, salespersons, counter persons, client representatives, service representatives, and merchandise representatives, and current and former employees misclassified as exempt managers and assistant managers, employed by Defendants on or after the date that is six years before the

filing of the Complaint in this case as defined herein (the "Class Period").

22. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are able to be determined from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also able to be determined from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

23. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants and there is no doubt that there are more than forty (40) members of the Class. The Class further includes a subclass of employees misclassified as exempt managers and assistant managers ("Misclassified Subclass"), who also number more than forty (40). Plaintiff is a member of both the Class and the Misclassified Subclass.

24. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All Class members were subject to the same corporate practices of Defendants of: (i) failure to pay proper wages for all hours worked, including overtime wages for hours worked in excess of forty (40) in a workweek, due to time shaving; (ii) late payment of wages to employees; (iii) failure to provide proper wage statements per requirements of NYLL; and (iv) failure to properly provide wage notices to Class members, at the date of hiring and annually, per requirements of NYLL.

25. With regard to the Misclassified Subclass, Plaintiff's claims are typical of those claims that could be alleged by any member of the Misclassified Subclass, and the relief that would be sought by each member of the Subclass in separate actions. All Misclassified Subclass members were subject to the same corporate practices of Defendants of: (i) failure to pay proper wages for all hours worked, including overtime wages for all hours worked in excess of forty (40) in a workweek, due to misclassifying them as exempt; (ii) late payment of wages to employees; (iii) failure to provide proper wage statements per requirements of NYLL; and (iv) failure to properly provide wage notices to Misclassified Subclass members, at the date of hiring and annually, per requirements of NYLL.

26. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

27. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented Class Plaintiffs in wage and hour cases.

28. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

Because losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

29. Defendants and other employers throughout the State violate New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

30. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a. Whether Defendants employed Plaintiff and the Class within the meaning of New York law and applicable state laws;

b. What are and were the policies, practices, programs, procedures, protocols, and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and Class members properly;

c. At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and Class members for their work;

d. Whether Defendants paid Plaintiff and Class members for all hours worked, including overtime wages for all overtime hours worked;

e. Whether Defendants wrongly classified Plaintiff and Misclassified Subclass members as exempt;

f. Whether Defendants improperly compensated Plaintiff and Misclassified Subclass members on a fixed salary basis in violation of NYLL;

g. Whether Defendants failed to timely compensate hourly employees, as required under NYLL;

h. Whether Defendants provided proper wage statements to Plaintiff and Class members as required under NYLL and applicable state laws; and

i. Whether Defendants provided proper wage and hour notice to employees, pursuant to the requirements of NYLL and applicable state laws.

## STATEMENT OF FACTS

31. In or around October 2021, Plaintiff JOHN SPOONER was hired by Defendants to work as an assistant manager at Defendants' "BEST WIRELESS" store located at 90 East Main Street, Unit F, Patchogue, New York 11772, the "Farmingville" store. Plaintiff was employed by Defendants until in or around February 2022.

32. At all times during the duration of his employment, Plaintiff was transferred and directed to work at different BEST WIRELESS Stores owned by Defendants. Similarly, FLSA Collective Plaintiffs and Class members were regularly transferred among Defendants' various BEST WIRELESS locations and required to perform work at each depending on Defendants' needs.

33. In addition to the Farmingville location, Defendants regularly transferred Plaintiff to other BEST WIRELESS locations owned by Defendants in New York and Connecticut.

34. These locations included:

   a) the Main Street store, located at 79-21 Main Street, Queens New York 11367;

   b) the Glen Oaks store, located at 253-25 Union Turnpike, Glen Oaks, New York 11004;

   c) the New Hyde Park store, located at 614 Jericho Turnpike, New Hyde Park, New York 11040; and

   d) the East Lyme store, located at 248 Flanders Rd Ste. 3, East Lyme, Connecticut 06367.

35. With regard to Defendants' East Lyme store, Plaintiff worked there during December 2021. With regard to Defendants' other locations, Plaintiff was required by Defendants to perform work at those locations on an as needed basis. Therefore, throughout the entire duration of Plaintiff's employment with Defendants, he was regularly required to work shifts at either of the forementioned BEST WIRELESS Stores owned by Defendants. Similarly, FLSA Plaintiffs and Class members were freely interchangeable between Defendants' stores.

36. From the beginning of his employment, Plaintiff was scheduled to work from 9:30 a.m. to 7:00 p.m. for a total of nine and half (9.5) hours per day. Plaintiff worked five (5) days per

week, totaling forty-seven and a half (47.5) hours per workweek. During Plaintiff's employment with Defendants, FLSA Collective Plaintiffs and Class members worked similar hours.

37. Additionally, from the beginning of Plaintiff's employment, Defendants also required Plaintiff to work a sixth day per week, two times per month, also from 9:30 a.m. to 7:00 p.m. During these weeks, Plaintiff worked a total of fifty-seven (57) hours per workweek. FLSA Collective Plaintiffs and Class members were similarly required to work additional days over and above their regularly scheduled days at least two times per month.

38. Regardless of which location Plaintiff worked at on a particular day, he was always required to clock in and out for his shifts and breaks taken.

39. Throughout the duration of Plaintiff's employment, Defendants improperly classified Plaintiff as an assistant manager and compensated Plaintiff at a fixed salary on a bi-weekly basis. This salary was supposed to be $51K per annum, payable on a bi-weekly basis. However, Defendants often compensated Plaintiff below this amount, and, further, there was never any agreement by Plaintiff that this fixed salary would cover the hours that Plaintiff worked in excess of forty (40) each week. FLSA Collective Plaintiffs and Class members were similarly misclassified as assistant managers and compensated at a fixed salary on a bi-weekly basis. FLSA Collective Plaintiffs and Class members also never agreed that the fixed salary would cover hours worked in excess of forty (40) in a work week.

40. Further, although Defendants compensated Plaintiff on this fixed salary basis under the misclassification of assistant manager, in reality, Plaintiff performed no managerial duties and should have been compensated on an hourly basis. Yet, during Plaintiff's entire duration of employment, Defendants continued to misclassify Plaintiff as an exempt employee and compensated him on a fixed salary basis. Defendants similarly misclassified a Subclass of FLSA

Collective Plaintiffs and Class members as exempt who were assistant managers when they too performed no managerial duties and should have been compensated as non-exempt, hourly employees.

41. In fact, rather than performing supervisory/ managerial duties for Defendants' BEST WIRELESS Stores, Plaintiff worked at the counter, with no authority to supervise others, and instead reported to the District Manager, Shawn Sharwma, and the Director, Chris Syed.

42. At all times of his employment, Plaintiff, FLSA Collective Plaintiffs and Class members were improperly compensated on a bi-weekly basis. Therefore, Plaintiff, FLSA Collective Plaintiffs and Class members did not receive their payment of wages within seven (7) days of the end of the week in which they were earned, in violation of NYLL § 191(1)(a)(i). Plaintiff, FLSA Collective Plaintiffs and Class members are owed liquidated damages equal to the late payments and accrued interest on the delayed payments.

43. Defendants never provided Plaintiff with a proper wage statement in violation of NYLL. Similarly, FLSA Collective Plaintiffs and Class members were not provided with proper wage statements as required by NYLL.

44. At no time during the relevant periods did Defendants provide Plaintiffs or Class members with proper wages notices, at the beginning of employment and annually thereafter as required by NYLL.

45. Defendants knowingly and willfully operated their business with a policy of not compensating employees, including Plaintiff and the Misclassified Subclass, for all hours worked, in violation of NYLL.

46. Defendants knowingly and willfully operated their business with a policy of not paying the proper overtime rate thereof for all hours worked to Plaintiff, and the Misclassified Subclass in violation of FLSA and NYLL.

47. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required by NYLL.

48. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs, and Class members.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

49. Plaintiff realleges the foregoing paragraphs of this First Amended Class and Collective Action Complaint as fully set forth herein.

50. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a).

51. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of FLSA.

52. At all relevant times, Corporate Defendants had gross annual revenues in excess of $500,000.

53. At all relevant times, Defendants had a policy and practice that failed to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for all hours worked in excess of forty (40) hours per workweek.

54. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case, and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

55. Defendants knew of and/or showed a willful disregard for the provisions of FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs proper wages, including their proper overtime premium, when Defendants knew or should have known such was due.

56. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under FLSA.

57. As a direct and proximate result of Defendants' willful disregard of FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to FLSA.

58. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages and unpaid overtime, plus an equal amount as liquidated damages.

59. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## VIOLATION OF NEW YORK LABOR LAW

60. Plaintiff realleges the foregoing paragraphs of this First Amended Class and Collective Action Complaint as if fully set forth herein.

61. At all relevant times, Plaintiff and Class members were employed by Defendants

within the meaning of NYLL, §§ 2 and 651.

62. Defendants knowingly and willfully failed to pay Plaintiff and Class members all their wages, including overtime at a rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) in a workweek, due to time shaving and a policy of misclassifying employees as exempt, in violation of NYLL.

63. Defendants willfully violated Plaintiff's and Class Members' rights by failing to pay them their wages within seven days of the end of the week in which they were earned, in violation of NYLL § 191(1)(a)(i).

64. Defendants knowingly and willfully operated their business with a policy of not providing Plaintiff and Class members proper wage notice, at date of hiring and annually thereafter, as required under NYLL.

65. Defendants knowingly and willfully operated their business with a policy of not providing wage statements, as required under NYLL.

66. Due to Defendants' NYLL violations, Plaintiff and Class members are entitled to recover from Defendants unpaid wages, unpaid overtime, damages for unreasonably delayed payments, reasonable attorney's fees, liquidated damages, statutory penalties, and costs and disbursements of the action, pursuant to NYLL.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff JOHN SPOONER, on behalf of himself, FLSA Collective Plaintiffs, and Class members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under FLSA and NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid wages due under FLSA and NYLL;

d. An award of unpaid overtime compensation due under FLSA and NYLL;

e. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and spread of hours premium pursuant to NYLL;

g. An award of liquidated damages and interest for each late payment of wages pursuant to NYLL § 191(1)(a)(i);

h. An award of statutory penalties, prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorney's and expert fees and statutory penalties;

i. Designation of Plaintiff as Representative of FLSA Collective Plaintiffs;

j. Designation of this action as a class action pursuant to F.R.C.P. 23;

k. Designation of Plaintiff as Representative of the Class; and

l. Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Date: July 1, 2022  
    New York, New York      By:

Respectfully submitted,

/s/ *CK Lee*
C.K. Lee, Esq.
**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 W. 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1180
Fax: 212-465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs,*
*and the Class*